TUATO'O TAUTALATASI and MUAGUTUTIA VAIULA
TUATO'O, on behalf of the TUATO'O FAMILY of Alofau,
Appellants

v.

TAUA'A LI, FAUMUINA FAMILY, TOIA FALEUILA, REV.
ELI SOLI FUIMAONO and members of the
CONGREGATIONAL CHRISTIAN CHURCH OF ALOFAU
VILLAGE, Appellees

High Court of American Samoa
Appellate Division

AP No. 12-90

December 11, 1990

163

Before FONG*, Acting Associate Justice, KLEINFELD**, Acting Associate Justice, MALEATASI***, Acting Associate Justice, TAUAN'U, Chief Associate Judge, and LOGOAI, Associate Judge.

Counsel: For Appellants, Asaua Fuimaono
For Appellees, Togiola T.A. Tulafono

Plaintiffs-appellants appeal the Land and Titles Division of the High Court's ruling in favor of defendants-appellees that certain land in dispute is part of Asosama, land belonging to defendants-appellees' family.

In September 1988, the Congregational Christian Church of Alofau started building a parish hall minister's house on the land in dispute. Appellants, on behalf of the Tuato'o family, claim that the land is called Fale Sa and is part of Faleteine, land belonging to the Tuato'o family. Appellees, the Faumuina family and others, claim that the land is part of Asosama which is land belonging to appellees' family.

Appellants filed the instant lawsuit to enjoin the church and the Faumuina family from building on the land in question. The Land and Titles Division of the High Court ruled in favor of appellees that the land in dispute is part of Asosama, land belonging to the Faumuina family. Appellants appeal that ruling.

Appellants make three arguments in support of their appeal. First, they argue that the lower court's decision is clearly erroneous and contrary to the weight of the evidence. Second, appellants argue that the lower court erred in placing undue emphasis on the testimony of one witness. Finally, appellants argue that the lower court erred in not affording them sufficient opportunity for rebuttal, and thereby denied them of due process.

---

* Honorable Harold M. Fong, Senior Judge, United States District Court for the District of Hawaii, serving by designation of the Secretary of the Interior.

** Honorable Andrew J. Kleinfeld, United States District Court for the District of Alaska, serving by designation of the Secretary of the Interior.

*** Honorable Maleatasi M. Togafau, District Judge, High Court of American Samoa, serving by designation of the Secretary of the Interior.

According to appellants, the trial court erroneously based its conclusion that the land in question was not Fale Sa as appellants claimed, but rather was part of Asosama and therefore belonged to appellees, on the following four factors:

1. A 1904 lease of Fale Sa stated that a creek bounded the western edge of Fale Sa. No such creek is located on the western edge of the land in question, whereas two creeks are located in Faleteine which is east of the land in dispute, suggesting that Falew Sa is actually east of the subject land.

2. The fact that Fale Sa had been leased to a Moors in 1904 and later to a Partridge in 1905, and court's assumption that it was unlikely that a renter would wish to lease a small piece of land with an active church on it. The land in dispute was not large and had an active church on it.

3. The fact that the defendant Faumuina family has for several years exercised actual control over the land in dispute. For example, in 1977, Faumuina was given a permit to build a church residence on the property in dispute, and plaintiff Tuato'o did not object.

4. The case upon which plaintiffs rely to show ownership of Fale Sa, *Tia v. Faumuina*, 1 A.S.R. 201 (1909) (vesting title to the land Faleteine in plaintiffs, including the Tuato'o family, and vesting title to the land Asosama in defendants, the Faumuina family), did not hold that the Tuato'o family was the sole owner of Faleteine and Fale Sa since there were many plaintiffs other than the Tuato'o family in that case.

First, with respect to the placement of the creek, appellants claim that the creek was located on the east side of Fale Sa, not on the west side of Fale Sa as the court found. They state that the descriptions of Fale Sa in the leases of 1904 and 1905 place the creek on the east or Tula side of Fale Sa, and refer the court to exhibits 2 and 3. Appellants further argue that the testimony of Mr. French, their surveyor, placed the creek on the south easterly side of Fale Sa, referring to the transcript at page 23, lines 3-6.

165

With respect to the court's observation that it is unlikely that the Moors and Partridges would lease a small tract of land with an active church on it, such as the land in dispute, appellants argue that there is no evidence to support the trial court's conclusion. According to appellant, the only reference to this point was made by appellees' counsel during the final argument, and no evidence was brought out during the trial to support the court's assumption. Transcript at 155:8-11.

The trial court correctly noted the undisputed fact that an active church was and is located on the land in dispute. Based on this fact, the court drew the conclusion that it was unlikely that someone would lease the land in dispute, given the presence of an active church on the land, and that it was more likely that someone would lease land on which there was an abandoned church. In support of this conclusion, the trial court pointed out that the lease of Fale Sa to Moors refers to an "old church" which suggest a church that is no longer in use. There is no error in the trial court's reasoning. Moreover, this was not the only factor that the trial court relied upon to support its decision.

With respect to the court's observation that the land in dispute has been under the actual control of the Faumuina family for many years, appellants argue that Tuato'o did not object to the Faumuina family building on the land because of his desire to preserve harmony between the Tuato'o and Faumuina families. *See* Appellants' Brief at 6.

Possession of real property carries with it a presumption of ownership. *Puluti v. Muliufi*, 4 A.S.R. 672, 674 (1965). Where the question of ownership of land is in dispute, the best evidence of ownership is found in the person who has been using the land under a claim of right *without objection* from other parties. *Satele v. Afoa*, 1 A.S.R. 424, 425 (date unknown). Given the fact that the Faumuina family had actual possession and control of the land in question, and the undisputed fact that the Tuato'o family did not object to this possession and use of the land, it is difficult to conclude that the trial court's finding was clearly erroneous.

Finally, with respect to the trial court's observation that under the 1909 decision, *Tia v. Faumuina*, 1 A.S.R. 201 (1909), Tuato'o is not the sole owner of Faleteine and Fale Sa, appellants argue that originally, the 1909 case had eight plaintiffs, but by the time the case went to trial, only four plaintiffs remained (Tuato'o, Tia, Salavea, and Tavea). Appellants claim that all four of these plaintiffs were members of the Tuato'o family.

The trial court's observation that Tuato'o was not deemed the sole owner of Faleteine and Fale Sa does not materially affect its decision that appellant failed to meet their burden of showing that the land in question belonged to the Tuato'o family. From the facts produced at trial, the trial court concluded that it was more likely than not that the land in dispute was not Fale Sa land, but was part of Asosama land based on the descriptions of Fale Sa in the leases of Fale Sa to Moors and Partridge and based on the actual possession and use of the land in question for several years by the Faumuina family without objection from the Tuato'o family. This court believes that the evidence supports the trial court's findings and conclusions. Therefore, this court cannot find that the trial court's ruling was clearly erroneous.

Appellants next argue that the trial court placed undue emphasis on the testimony of one witness, Tago Sevaaetasi. This court has reviewed the opinion and order of the trial court, and finds that the trial court's ruling did not place undue emphasis on Tago's testimony. Admittedly, the trial court relied heavily on Tago's testimony, but its decision rested on several factors, including the description of Fale Sa in two leases and the Faumuina's actual possession and control of the land in question.

Moreover, the witness Tago is related to Tuato'o. One could infer that Tago would be biased in favor of appellants given the fact that he is related to appellants. Accordingly, the court finds no basis to overturn the lower court's ruling based on its reliance on the testimony of Tago Sevaaetasi.

Finally, appellants argue that the trial court erred in not affording them sufficient time for rebuttal, thereby denying them due process. The only evidence in support of this contention is the fact that the trial court admonished appellants' counsel that the purpose of rebuttal is to address issues raised by the defense, not to repeat arguments that were raised before.

The court has reviewed the record, and finds no evidence that appellants were unfairly deprived of due process in the way the trial court handled the rebuttal stage of trial.

Accordingly, the court AFFIRMS the trial court's opinion and order.

IT IS SO ORDERED.